IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LARRY JACKSON, Register No. 38010, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4140-CV-C-SOW |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Larry Jackson, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants in plaintiff's original and amended complaints are numerous Department of Corrections personnel.

Plaintiff complains that he was issued a conduct violation for fighting and was assigned to administrative segregation by a committee consisting of two people, not three, as required by regulations of the Missouri Department of Corrections, in violation of his due process rights. Plaintiff further alleges that his assignment to administrative segregation constituted cruel and unusual punishment, in violation of the Eighth Amendment.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds,

the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff alleges he was denied due process when disciplined.  To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment.  Paul v. Davis, 424 U.S. 693, 710-12 (1976).  The Due Process Clause does not protect prisoners from every adverse change in their confinement.  Sandin v. Connor, 515 U.S. 472, 478 (1995).  If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause.  Montanye v. Haymes, 427 U.S. 236, 242 (1976).  See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population).  Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence."  Sandin, 515 U.S. at 485.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation.  Id. at 481-83.  There is no liberty interest in the use of certain procedures by the state.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")).  Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001) (inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'")  Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life.  Sandin, 515 U.S. at 485-86.  It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship.  Phillips v. Norris, 320 F.3d at 847.

With no liberty interest in the use of certain state procedures, plaintiff's claims challenging defendants' failure to follow their own procedures by having only two committee members present for plaintiff's administrative segregation hearing fail to state a claim.  Further, plaintiff's assignment to segregation fails to state a due process claim.

2

To state a claim under the Eighth Amendment with regard to his assignment to segregation, plaintiff must provide that his assignment to segregation was punishment involving the "unnecessary and wanton infliction of pain" and was "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153 (1976). Conditions are not cruel and unusual merely because they are harsh or uncomfortable. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To be cruel and unusual, the plaintiff must be deprived of one or more basic necessities of life. Brown v. Nix, 33 F.3d 951 (8th Cir. 1994). Plaintiff fails to allege he was denied basic necessities of life while confined in administrative segregation. Assignment to segregation alone does not deny an inmate basic necessities of life. See Williams v. Delo, 49 F.3d 442 (8th Cir. 1995) (holding assignment to administrative segregation strip cell did not violate Eighth Amendment.)

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed, as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Plaintiff's motion for access to law books will be denied. Prisoners have a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

Plaintiff acknowledges he has access to legal books from the prison law library upon request. Plaintiff's preference to purchase his own legal books, rather than request them from the law library, does not state a claim of denial of access to courts, and does not merit preliminary injunctive relief.

On August 7, 2007, plaintiff filed a motion to amend his complaint to add a party and dismiss a defendant. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has

3

Case 2:07-cv-04140-SOW   Document 7   Filed 09/11/07   Page 3 of 5

been filed in this case and plaintiff's motion is granted. Steve Long is dismissed as a defendant; however, upon review of plaintiff's amendment to his complaint, which adds as defendants Larry Crawford, Tom Clement and David Rost, based on their responsibility for the overall operations of the Missouri Department of Corrections and the Jefferson City Correctional Center, the court finds these claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). Plaintiff's claims against defendants Larry Crawford, Tom Clement and David Rost fail to allege their personal involvement or that they knew of the alleged constitutional violations against plaintiff and deliberately failed to take corrective action.

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend his complaint is granted and Steve Long is dismissed as a defendant and Larry Crawford, Tom Clement and David Rost are added as defendants. [4] It is further

ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. [2] It is further

RECOMMENDED that plaintiff's motion for access to law books be denied. [5] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time

4

to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge